Burnes, J.
FINDINGS OF FACT
This case was originally brought by BayBank (“the Bank") against four people individually and as copartners of Harrington Corner Realty on default of a $300,000 note. One of these defendants was Steven A. Kressler (“Steven”) and one was Melvin Katz. Joyce Kressler (“Joyce”) was a reach and apply defendant. She counterclaimed against the Bank. On April 15, 1992 and July 2, 1992, for failure to answer Katz was defaulted as an individual and as a copartner on the respective dates. On May 4, 1993, the Bank released Steven and others. Sometime subsequent to that, the Bank assigned its claims to Joyce. On December 15, 1993 Joyce was substituted as a party plaintiff. The note remains unpaid; interest is at the rate of prime plus 1.5 percent.
On November 23, 1996 Joyce first moved for assessment of damages against Katz. Through procedural intertwinings that are not relevant to this motion (principally having to do with whether the assessment of damages had to be tried to a jury), this case did not come on for hearing on the assessment of damages finally until October 23, 1998.
All that remains of this action is the claim, now held by Joyce, against Katz on the note. The amount due and owing on the note is $546,186.95. See affidavit of Paul R. Crimlisk for these calculations.
*315 CONCLUSIONS OF LAW
By his default Katz did not contest execution of the note and may raise no affirmative defenses. See O'Donnell v. Bane, 385 Mass. 114, 119-20 (1982); Smith & Zobel, Rules Practice, §8.6 and n. 26.5 (1974 and 1998 Supp.).
Katz argues that he may assert “nonliability” defenses. See Kressler v. Katz, Appeals Court Slip Opinion 98-J-185 (March 30, 1998). He has none.
The first defense asserted by Katz is that Steven, who was a lawyer and his partner, owed him a fiduciary duty not to negotiate Steven’s own liability and not Katz.’ While this may be correct, this is a claim, if it is valid, against Steven, not Joyce.
The second defense asserted by Katz is that by the Bank’s release of Steven, Katz as a co-obliger was also released, because he did not consent to this release nor did the bank expressly reserve its rights against Katz. G.L.c. 106, §3-606(l)(a). There are two things to say about that defense. The first is that Katz is in default. He has never moved to remove the default to assert this defense. He has known at least since November 23, 1996 when Joyce filed her first motion for assessment of damages that the bank had released Steven and assigned its rights to Joyce. Any defense that Katz may have that the bank impaired his recourse against Steven is not appropriate to be asserted on an assessment of damages proceeding.
The second response is that G.L.c. 106, §3-606 does not apply to Katz. This section codifies the so-called suretyship defenses. White and Summers, Uniform Commercial Code, 4th ed., §16.11. Katz is a co-maker, who is jointly and severally liable; he is not an accommodation party, such as a surety, endorser or guarantor. The emphatic majority rule is that someone in Katz’ position is not entitled to the §3-606 defenses. Id. at n. 14.
The third defense that Katz attempts to assert is that Joyce is not entitled to any damages. He claims that she has been paid all she is due on her own claims. That may be so. Joyce in this action, however, is pursuing the Bank’s claims that were assigned to her. As to those, there are no defenses.
ORDER
The court ORDERS that judgment be entered for Joyce Kessler against Melvin Katz in the amount of $546,186.95.